Territorial Law Library

FILED
SUPERIOR COURT
OF GUAM

2012 AUG -9 PM 4: 17

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| LOU ANN PANABE CABRERA,<br><br>                    Plaintiff,<br><br>    vs.<br><br>RANDY DIZON DUNGCA,<br><br>                Defendant. | CASE NO. DM0510-11<br><br>**DECISION AND ORDER ON DEFENDANT'S MOTION FOR ENTRY OF DEFAULT JUDGMENT** |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena III on March 12, 2012 on Defendant's Motion for Entry of Default Judgment. Attorney Catherine B. Camacho represented Defendant, Randy Dungca. Attorney Renita M. Taimanao represented Plaintiff, Lou Ann Cabrera. Following the hearing the Court took the matter under advisement. The Court now issues its Decision and Order.

## FACTUAL HISTORY

Plaintiff and Defendant were in a relationship that ended in 2007. The parties have two minor children together. After the parties separated, Defendant became the sole care-taker for the children. On July 14, 2011, Plaintiff filed a Complaint for Custody, requesting that she be granted primary physical custody and joint legal custody of the minor children and that Defendant be ordered to pay child support to Plaintiff. Defendant served upon Plaintiff's attorney his Answer and Counterclaim on September 6, 2011 in which Defendant requests that he be awarded sole physical and legal custody over the minor children and that the court order child support payments by Plaintiff and payment of any child support arrears.

Plaintiff did not file an answer to the Counterclaim and Plaintiff failed to otherwise defend against Defendant's counterclaims. Defendant filed a request for entry of default and on January 18, 2012, the Clerk entered default against Plaintiff. On January 26, 2012, Defendant filed the present Motion for Default Judgment of Custody.

## DISCUSSION

This matter presents two issues to be decided by this Court. First, this Court must determine whether, given the circumstances of this case, it is appropriate to grant Defendant's motion requesting entry of default judgment. And second, this Court decides whether sanctions against Plaintiff are proper due to Plaintiff's failure to appear at scheduled hearings.

*A. The Motion for Entry of Default Judgment*

Defendant moves for entry of default judgment based on the entry of default by the clerk following Plaintiff's failure to file an answer or otherwise defend against Defendant's Counterclaim. Plaintiff argues that there is good cause to set aside the entry of default under Guam Rule of Civil Procedure 55(c) and that this Court should accordingly deny Defendant's motion. This Court agrees that there is good cause in this custody action to set aside the entry of default, which would preclude this Court from entering a default judgment.[1]

"[D]efault judgments are generally disfavored and deciding a case on its merits is encouraged whenever possible." *Adams v. Duenas*, 1998 Guam 15 ¶ 5 (citing *Midsea Industrial, Inc. v. HK Engineering,Ltd.*, 1998 Guam 14, ¶ 5). Default judgments are especially disfavored in cases involving issues of custody. *See, e.g., Pinto v. Putnam County Support Collection Unit*, 743 N.Y.S.2d 521, 523 (N.Y. App.

---

[1] At the outset, this Court notes that Guam law does not allow custody matters to be resolved by judgments. Under 19 GCA § 8404, a court may only make an "order" for custody as the court sees proper. The distinction between a custody order and a judgment awarding custody is not trivial as an order of the court is far easier to modify as compared to a final judgment.

Div. 2002) (noting that jurisdiction's "liberal policy with respect to vacating defaults in matrimonial matters because the State's interest in the marital res and related issues such as child support and custody favors dispositions on the merits"); *State ex rel. Kittrell v. Carr*, 878 S.W.2d 859, 864 (Mo. Ct. App. 1994) (recognizing that Missouri's rule allowing for entry of default judgment "would never be an appropriate vehicle for determinations of child custody or child support due to the necessity of determining the best interests of the child."); *c.f. In re Marriage of Wheeler*, 743 S.W.2d 605, 606 (Mo. Ct. App. 1988) ("Strict rules pertaining to default judgments are less rigorously applied in dissolution cases, especially where they involve child custody").

Under Rule 55(c) of the Guam Rules of Civil Procedure ("GRCP"), entry of default may be set aside upon a showing of "good cause." GUAM R. CIV. P. 55(c). In determining whether good cause exists for setting aside entry of default a court may consider the same factors as it would consider in a motion to vacate default judgment under GRCP 60(b). *Adams* at ¶ 5. Those factors include (1) whether the opposing party's culpable conduct led to the default, (2) whether the opposing party has a meritorious defense, and (3) whether the party moving for default would be prejudiced if judgment is set aside. *Id.* (citing *Midsea Industrial, Inc. v. HK Engineering,Ltd.*, 1998 Guam 14, ¶ 5.). Defendant here argues that these factors weigh against finding good cause to set aside the entry of default and favor entry of default judgment against Plaintiff.

Defendant first argues that Plaintiff's culpable conduct led to the entry of default. With respect to Plaintiff's culpability, Defendant asserts that Plaintiff had ample time to file an answer to the Counterclaim and that Plaintiff's own Declaration reveals that Plaintiff was present on Guam prior to the date that the clerk entered default. Defendant therefore argues Plaintiff's neglect of the case favors entry of default judgment.

This Court is inclined to agree with Defendant's assessment of Plaintiff's culpability. While Plaintiff claims that she was off-island when Defendant filed the Counterclaim, (Pl.'s Decl in Supp. of Opp., Mar. 8, 2012), Plaintiff offers no explanation as to why she could not communicate with her attorney during her absence or why she could not address the matter when she arrived back on Guam in October 2011.[2] Moreover, Plaintiff's inaction continued well after the entry of default by the clerk. Plaintiff did nothing to address the entry of default until March of 2012, when she filed her opposition to the present motion. These facts suggest that Plaintiff's own neglect of this case led to the entry of default.

Next, Defendant argues that he will suffer prejudice if this Court were to set aside judgment because Defendant will incur additional expenses. However, the word prejudice is a legal term of art that is generally understood to mean "damage or detriment to one's legal rights or claims." *Black's Law Dictionary* 1299 (9th ed. 2009). "[D]elay and legal costs are part and parcel of litigation and typically do not constitute prejudice for the purposes of Rule 55(c)." *Capital Yacht Club v. Vessel AVIVA*, 228 F.R.D. 389, 394 (D. D.C. 2005). As the Sixth Circuit notes, "it does not make intuitive sense that simply claiming an increase in litigation cost should be sufficient to establish prejudice. Setting aside default will *always* increase litigation cost to the plaintiff because the plaintiff will actually have to litigate the case." *United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 325 (6th Cir. 2010) (emphasis in original). There is no indication that setting aside the entry default would result in excessive litigation costs here, and thus this Court finds no support for Defendant's claim of prejudice.

Finally, Defendant argues that Plaintiff has no meritorious defense as Plaintiff offers no evidence as to why the present custodial arrangement should be

---

[2] Plaintiff admits that she returned to Guam in October 2011. And while she alleges that she "needed to leave off-island again to attend to a family emergency in Saipan," Plaintiff does not provide the date on which she left Guam for Saipan.

altered. However, Guam's statutes and public policy favoring joint custody offer strong support for a defense to Defendant's claims for sole legal and physical custody. *See* 19 GCA § 8484. In fact, this Court finds that Guam's strong public policy favoring shared custody weigh heavily in favor of setting aside the entry of default and allowing for a custody determination based on the best interests of the children as opposed to basing a judgment on Plaintiff's procedural shortfalls.

*B. Sanctions for Failing to Appear At a Custody Hearing*

Defendant also requests sanctions for Plaintiff's failure to appear personally at two scheduled custody hearings, one which even Plaintiff's attorney failed to attend. Defendant requests an order requiring Plaintiff to pay Defendant's attorney fees for these two meetings. It does appear, however, that Plaintiff or her attorney has appeared at all other scheduled hearings in this matter. While this Court is sympathetic to Defendant's position, sanctions are not warranted at this time. This Decision and Order will, however, serve as a warning to Plaintiff that a subsequent failure by her or her attorney to attend another scheduled hearing may result in sanctions.

## CONCLUSION

Based on the foregoing, the Clerk's Entry of Default is set aside pursuant to Rule 55(c) of the Guam Rules of Civil Procedure and Defendant's motion for entry of default judgment is DENIED. A Scheduling Conference is set for September 10, 2012, at 2:00 p.m.

It is **SO ORDERED** this 9th day of August, 2012.

_____
HONORABLE ALBERTO C. LAMORENA III
Presiding Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the Clerk of the Superior Court of Guam.

AUG 0 9 2012

Domingo M. Nego
Deputy Clerk, Superior Court of Guam

*ORIGINAL*